**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUBIN QI,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 09-73522<br><br>Agency No. A097-356-391<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:　　SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

　　Yubin Qi, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies regarding the mistreatment Qi experienced during his interrogations, evasive testimony about who made arrangements for him to leave China, and his inability to provide detailed testimony about important subjects such as his home church meetings and the day he was required to report weekly to police. *See Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (inconsistencies between testimony and application regarding injuries petitioner received during assaults); *Wang v. INS*, 352 F.3d 1250, 1256 (9th Cir. 2003) (evasive testimony); *Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) (lack of specificity). Qi's explanations for the inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Accordingly, in the absence of credible testimony, Qi's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Qi's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel the finding

that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

Finally, in light of the agency's supported adverse credibility finding, Qi's due process claim fails. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (even if petitioner shows IJ bias, court cannot find bias was basis for denial of application where factual record supports denial).

**PETITION FOR REVIEW DENIED.**